Filed 5/20/25  C.B. v. Superior Court CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| C.B., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY, <br><br> Respondent; <br><br> COUNTY OF SAN LUIS OBISPO DEPARTMENT OF SOCIAL SERVICES, <br><br> Real Party in Interest. | 2d Civ. No. B343366 <br> (Super. Ct. No. 23JD-00063) <br> (San Luis Obispo County) |

C.B. (Father) filed a petition for extraordinary writ (Cal. Rules of Court, rules 8.452, 8.456) to challenge the orders of the

juvenile court granting a Welfare and Institutions Code[1] section 387 petition, removing two minor children from the parents' custody, denying his section 388 petition, denying reunification services, and setting a section 366.26 hearing.  We conclude, among other things, that the court's findings are supported by substantial evidence.  We deny the petition.

FACTS

On March 9, 2023, the County of San Luis Obispo Department of Social Services (DSS) filed a juvenile dependency petition (§ 300, subds. (b)(1) & (g)), alleging S.L. (Mother) failed to supervise and protect her young children, C.B. and C.B., because of her substance abuse problem.  The children were removed from the home and placed in the home of a relative.

Father was unable to care for the children because he was in prison.  His criminal record included convictions for carjacking and robbery and multiple convictions for possession of controlled substances.

After a jurisdictional hearing, the juvenile court found the allegations of the petition were true, the children were dependent persons under section 300, subdivision (b), and were properly removed from the custody of the parents.  Mother was granted family reunification services; Father was not granted those services.

On February 14, 2024, DSS filed a request to change the juvenile court's prior orders.  It determined Mother had complied with her case plan and the children should be returned to her.

But, in October 2024, the children had to be removed from Mother because she had relapsed, tested positive for alcohol use,

---

[1] All statutory references are to the Welfare and Institutions Code.

and missed her scheduled testing appointments.  DSS filed a section 387 supplemental petition.  It reported that Mother has a significant "alcohol abuse problem" that affects "her ability to keep the children safe."  Because she did not comply with her responsibilities, she "lost her housing" and has "no source of income."  She was "actively using alcohol" when she was residing in hotels with the children and engaged in the type of conduct that required DSS to initially remove the children.  She falsely denied relapsing even though she tested positive for alcohol use.

DSS noted that Father will be released from prison in November 2024.  But "there is a substantial risk that the children will suffer serious physical and/or emotional harm, as a result of father's substance abuse."  It noted that Father "has [an] extensive criminal history involving possession of controlled substances."

On November 11, 2024, Father filed a section 388 petition requesting a change in prior court orders.  He requested family reunification services.  He claimed he was recently released from prison and was sober for three years and he wanted his children to live with him in a "safe home."  He attached exhibits showing his completion of various rehabilitation programs.

DSS determined that Father was not able to safely take care of the children because: 1) he has been "incarcerated for many years"; 2) he has "a concerning criminal history related to substance abuse"; and 3) he "does not appear to be a safe individual for the children at this time."  DSS determined that Father was "not prepared to take custody" of the children or to "provide them with safety and stability upon his release" from prison, and that there was a "substantial risk" the children will suffer harm with Father because of his "substance abuse."  It

3

determined that the children "deserve permanency, safety, and stability." "[DSS] feels that they would be best cared for and safe remaining in the care of the maternal aunt and uncle."

The juvenile court scheduled a hearing on Father's section 388 petition and DSS's section 387 petition.

Social worker Jaclyn Caraveo testified "changing" the children's current "living situation" would be "detrimental" to them. Mother cannot safely take care of the children. She cannot remain sober and "meet the children's needs." She may be sober for a period, but when things "become difficult," she "struggles with maintaining" sobriety.

DSS is concerned that Father has a 10-year history of "substance abuse." He was only sober while out of custody for "a month." Remaining sober while in prison does not show that he would remain sober when "exposed to the outside environment." Father has only "been in the community" for one month. DSS is concerned with whether Father could maintain his sobriety for a long period.

Caraveo testified that Father lives with another person and DSS has not been able to conduct a background check of that individual. DSS cannot place children in a home with an adult who does not have an approved background check. Father's plan is for the children to live with "the paternal grandma." DSS does not agree with that plan because it would not give DSS the opportunity to determine whether Father could care for the children.

Caraveo testified the children have "mental health issues." Their current environment is beneficial for them because it helps them to "reduce" their "anxiety." If the children were to live with Father, they would have to change schools and "lose all of the

4

familiar supports that they have in San Luis Obispo County." The children's case has been open for almost "two years." The children need a "safe and stable" home.

Father testified that he is now "sober." He attended substance abuse treatment programs in prison. He obtained certificates of training so that he could have a trade when released from prison. He maintained contact with his children during his incarceration. He wanted his children to live with him. The children could live with their grandmother and he "could move in there and just go actively look for an apartment." He is willing to participate in any services DSS requires. The "longest period of time" that he had ever "independently" cared for his children was "five days."

The juvenile court granted the section 387 petition and denied Father's section 388 petition. It found "more services" are not in the children's best interests. It noted Father's progress in attempting to establish a safe home. It ruled, "[Father's] release from incarceration is too recent for him to make a showing at this time; however, I am going to deny his request to change the court orders without prejudice. As time goes on, he may be able to make a better showing . . . ." The court set a section 366.26 hearing.

## DISCUSSION

The juvenile court's duty for the dependent children under its jurisdiction is to make dispositions and placements in their best interests. (*In re Lauren R.* (2007) 148 Cal.App.4th 841, 855.) The longer the juvenile court placement period, the "more important the child's need for continuity and stability becomes in the evaluation of [the child's] best interests." (*Ibid.*) A "permanency review hearing" is required "within 24 months of

5

the date the child was originally taken from the physical custody of their parent." (§ 366.22, subd. (b)(1).) "When a child cannot be returned to the parent within the statutory time frame, the court is required to establish a permanent plan for the child and refer the case for a section 366.26 hearing." (*In re Ronell A.* (1996) 44 Cal.App.4th 1352, 1366.) But the court may continue any required hearing if it is in the best interests of the children. (§ 352.)

*Substantial Evidence*

We review the jurisdiction and disposition findings for substantial evidence. We must draw all reasonable inferences in support of the lower court's orders. We do not weigh the evidence or decide the credibility of the witnesses. (*In re R.T.* (2017) 3 Cal.5th 622, 633.)

A parent may file a section 388 petition to change the juvenile court's orders. The petition is "addressed to the sound discretion of the juvenile court and its decision will not be disturbed on appeal in the absence of a clear abuse of discretion." (*In re Jasmon O.* (1994) 8 Cal.4th 398, 415.)

Father challenges the juvenile court's orders to sustain the section 387 petition, to deny his 388 petition, to deny his request for reunification services, and to set the case for a section 366.26 hearing. But he has not established the foundation for a sufficiency of the evidence challenge because he has not cited to DSS's evidence or the social worker's testimony. (*Pilliod v. Monsanto Co.* (2021) 67 Cal.App.5th 591, 641-642.) He relies on his own testimony. But the issue is not whether some evidence supports Father, it is whether substantial evidence supports the judgment. (*In re R.T., supra*, 3 Cal.5th at p. 633.) Father claims his testimony shows he could care for his children. But the trial

court exclusively decides the credibility of that testimony and Father has not shown why the court could not rely on the social worker's testimony.

The juvenile court recognized Father's rehabilitation efforts in prison. But DSS noted that he had a longtime substance abuse history and he was only recently released from prison for crimes involving serious felonies. The court may bypass reunification services where a parent has been convicted of a violent felony such as robbery. (*In re Allison J.* (2010) 190 Cal.App.4th 1106, 1112.) Father was convicted of robbery and carjacking. But Father "may move to modify the juvenile court's order bypassing services pursuant to section 388" if he can show "reunification is in the best interest of the child." (*Id*. at p. 1115.) Caraveo testified Father had not shown that he could maintain sobriety for a substantial period of time. His rehabilitation took place in prison, but he was now exposed to a different environment, and he had only recently been released from prison.

DSS rejected Father's plan to have the children's grandparent take care of them because it was not a substitute for demonstrating his ability to care for them. Father lived with another person, but DSS was not able to conduct a background check of that individual. The longest period of time that Father had ever independently cared for his children was five days. DSS was aware of Father's visits with his children and his rehabilitation efforts. But it also had to evaluate other relevant factors, including the children's needs, their history, their mental health, the beneficial nature of their current placement, and the length of time their juvenile court case remained open. Because that period was almost two years, the children's "need for continuity and stability" was a critical factor in evaluating the

7

children's "best interests."  (*In re Lauren R., supra,* 148 Cal.App.4th at p. 855.)  The social worker's testimony showed that granting Father's section 388 petition would not be in the best interests of the children and their need for stability and a safe home.  She testified that changing the children's current placement would be "detrimental" to them.  That testimony supported the court's findings.

But, even so, the juvenile court denied Father's section 388 petition without prejudice.  That allows him to file another section 388 petition to make a better showing about his ability to care for the children.  Father has not shown trial court error.

DISPOSITION

The petition is denied.

<u>NOT TO BE PUBLISHED.</u>


                                        GILBERT, P. J.

We concur:



BALTODANO, J.



CODY, J.

8

Ginger E. Garrett, Judge

Superior Court County of San Luis Obispo

_____

C.B., in pro. per., for Petitioner.

No appearance for Respondent.

Rita L. Neal, County Counsel, Vincent M. Uberti, Deputy County Counsel, for Real Party in Interest.